In the Matter of the Estate of JAMES H. SNOWDEN, Deceased.

Surrogate's Court, Suffolk County, September 23, 1930.

*Macklin, Brown, Lenahan & Speer*, for Beulah M. Snowden.

*Vincent H. Rothwell*, for general guardian of Marian Janet and James H. Snowden, Jr.

*White & Case*, for the Bankers Trust Company.

*Nathan O. Petty*, special guardian.

PELLETREAU, S. The question before the court is the construction of paragraph 5 of the will which reads as follows:

"*Fifth*. I direct that my wife, Beulah M. Snowden, shall at her option be permitted to reside in my residence at Sands Point for a period of two years from the date of my death; all taxes and cost of keeping my said residence in usual and ordinary repairs to be paid out of the income from the residue of my estate."

The petitioner claims that this clause should be construed to give the widow similar rights in a piece of property owned by the deceased at Southampton, Suffolk county, N. Y.

Deceased owned real property at Sands Point, Nassau county, N. Y., referred to in clause 5 of the will, which is dated January 15, 1925. He sold this property under contract dated November 16, 1928. On January 3, 1929, he took title by deed to the real property at Southampton. He sold the Sands Point property for $275,000 and purchased the Southampton property for $180,000. After he took title to the Southampton property on January 3, 1929, he made no change in his will and died July 30, 1930.

The gift to the wife, Beulah M. Snowden, was adeemed by the sale of the Sands Point property by the testator and does not attach to other property in my opinion. If a deceased person, after making a will devising property, sells such property in his lifetime, the beneficiary loses the gift. Had the testator wished to provide something in lieu of the rights given her in the Sands Point property, he should have either so provided by a new will or by a codicil to the will already made.

Had the testator devised the Sands Point property to his wife in fee and sold it during his lifetime, she would have lost it under clause 5 of the will. If she would have lost the whole it likewise follows that she would lose less than the whole, which is the interest referred to in the 5th clause aforesaid.

The testator did not intend to make any further provision for his wife as is shown by paragraph 4 of the will, wherein he gives

58

her all furniture, household goods, automobiles and personal effects. A will made January 15, 1925, is ambulatory. It is ratified and confirmed each day thereafter that the testator does not change it and finally speaks as of the date of his death. It then relates only to such property as he may die possessed of and does not relate to property which at some time in his life he may have owned.

Except for special legacies, the testator gave to his wife one-third of his estate and two-thirds to his children. That would seem to be a fair disposition. The two-thirds given to the children vests both as to principal and income. When the testator sold the Sands Point property he may have used the proceeds or a portion thereof to purchase the Southampton property. It does not make any difference whether he did or did not; it would not alter the rule that a will transfers only such property as the deceased owned at the time of his death. The Southampton property becomes part of the general estate.

I am also asked by the Bankers Trust Company, the executor and trustee under the will of the deceased, whether the provisions of the will, and particularly article 11 thereof, authorized it to retain stock owned by the decedent of the time of his death and which will come into its hands upon its qualification as executor.

There is nothing before me now showing what the securities are. When such information is submitted to me, I will decide that question. I may say, however, that article 11 aforesaid grants power to sell and convey real estate and to accept cash or credit in payment as it may deem best. I think that in the event of the sale of real estate upon credit the mortgage or securities given in part payment should be legal for the investment of trust funds.

The construction asked for of paragraph 5 of the will is denied.